IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **HERITAGE HEIGHTS HOMEOWNERS ASSOCIATION,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**PHILADELPHIA INDEMNITY INSURANCE COMPANY,**<br><br>    **Defendant.** | Case No.<br><br><br>**COMPLAINT** |

Now comes the Plaintiff, Heritage Heights Homeowners Association ("Plaintiff" or "the Association"), by and through its undersigned counsel, Smith Jadin Johnson, PLLC, and pursuant to Fed. R. Civ. P. 3, hereby sets forth its Complaint for Breach of Contract and Declaratory Judgment against Defendant Philadelphia Indemnity Insurance Company, states and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiff, Heritage Heights Homeowners Association ("Plaintiff" or "the Association") is a domestic non-profit corporation formed under the laws of Missouri and located generally at 4838 Heritage Heights Circle, Hazelwood, Missouri 63042 in St. Louis County (the "Property").

2. Defendant, Philadelphia Indemnity Insurance Company ("Defendant" or "Philadelphia"), is an insurance company licensed to do business in the State of Missouri with its principal place of business located at 1 Bala Plaza, Suite 100, Bala Cynwyd,

1

Pennsylvania 19004, and a registered agent in Missouri at 120 South Central Ave, Clayton, Missouri 63105.

3. On or about July 9, 2021, the Association's properties sustained significant damage as the result of a wind and hail storm (the "Loss").

4. At all times relevant hereto, the Association maintained a policy of insurance (Policy No.: XXXXXXXX075) issued by Philadelphia (the "Policy").

5. The Policy provides coverage for, among other things, damage caused by wind and hail.

6. At the time of the Loss, the Policy was in full force and effect.

7. The Association timely reported the Loss and complied with all other policy requirements.

8. Philadelphia investigated the Loss and determined that the Property did not sustain hail damage but did sustain wind damage, a covered loss.

9. Philadelphia further contends that minor repairs can be made and that any additional repairs are only necessary due to building code requirements.

10. The Association contends that spot repairs are not possible due in part to the brittleness of the surrounding shingles making it impossible to insert new shingles without breaking the shingles around it.

11. The Association contends that full roof replacements are required and will cost $869,848.83.

12. Philadelphia contends it will not issue payment exceeding $300,000.00 for the Loss.

13. The parties continue to dispute the amount of Loss caused by the subject storm.

14. The Policy contains an appraisal provision which provides that in the event of a dispute over the amount of loss, an appraisal panel may resolve that dispute upon one party making a written demand to the other.

15. Plaintiff has demanded appraisal to resolve the dispute concerning the amount of Loss.

16. The U.S. District Court for the Eastern District of Missouri has jurisdiction over this matter pursuant to 28 U.S. Code § 1332 as the parties have diversity of citizenship and the amount in controversy exceeds $75,000.00.

17. Venue is proper in the Eastern District of Missouri, pursuant to RSMo. § 508.010(4), because the Property insured under the Policy, which is the subject of this dispute, is located in St. Louis County, Missouri, and is therefore within the territory of the United States District Court for the Eastern District of Missouri.

## COUNT I
## BREACH OF CONTRACT

18. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein.

19. At all times relevant hereto, Plaintiff and Defendant were parties to a valid and enforceable contract — The Policy.

20. Plaintiff has complied with all requirements to trigger Defendant's obligation to make payment under the terms of the contract.

21. Defendant has failed to properly adjust the Loss and pay insurance proceeds owed to Plaintiff as a result of the damage caused by the July 9, 2021 storm.

22. This constitutes a breach of Defendant's obligations under the Policy.

23. As a direct and proximate result of Defendant's breach of the insurance contract, Plaintiff has suffered damages in excess of $250,000.00 exclusive of attorney's fees, interest, and costs, the exact amount to be determined at trial.

### COUNT II
### VEXATIOUS REFUSAL TO PAY IN VIOLATION OF
### RSMO. STAT. §§ 375.296, 375.420

24. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein.

25. Philadelphia has a contractual duty to provide insurance coverage in all circumstances, such as this, where there is a covered loss.

26. Philadelphia has breached its contract of insurance by refusing to properly adjust or pay the full amount of Plaintiff's loss under the Policy.

27. Philadelphia has failed to adopt and implement reasonable standards for a prompt and adequate investigation of claims arising under its Policies.

28. Philadelphia refused to pay a claim without conducting a reasonable and adequate investigation with respect to the claim.

29. Philadelphia has denied insurance benefits to Plaintiff without a reasonable basis and in direct contravention to the plain terms of its Policy.

30. Philadelphia knowingly committed the forgoing acts, with actual knowledge of the falsity, unfairness, or deception of the forgoing acts and practices.

31. Philadelphia failed to attempt to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim without reasonable cause or excuse, and Philadelphia's refusal to pay the claimed Loss is without reasonable cause or excuse. Defendant Philadelphia's failure and refusal are, therefore, vexatious within the meaning of RSMo. § 375.296.

32. Plaintiff is additionally entitled to recover statutory penalties as provided under RSMo. Stat. § 375.420, including, but not limited to, an additional award beyond the Loss compensation amount and reasonable attorney's fees.

## COUNT III
## DECLARATORY JUDGMENT

33. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein.

34. Defendant has failed to pay the Loss in total, in contravention of the express language of the Policy.

35. There is a real and justiciable controversy between the Plaintiffs and Defendant over the extent to which the Policy provides indemnity and coverage for damages, both direct and consequential, relating to the Loss.

36. Plaintiff is entitled to a judicial declaration that the Policy includes coverage for the damages arising out of the Loss as well as a determination that appraisal is appropriate to determine the amount of Loss while construing the Policy against Philadelphia as the drafter and in favor of the Association as the insured.

## COUNT IV
## COMPEL APPRAISAL

37. Plaintiff restates and realleges each of the foregoing paragraphs as though fully set forth herein.

38. Defendant has a contractual obligation to participate in appraisal when the Parties disagree on the amount of loss.

39. The parties do not dispute that a covered loss occurred, and that Defendant must pay for the necessary repairs.

40. The dispute in this matter is primarily regarding the construction methods necessary to repair the damage that the parties agree were caused by the subject storm.

41. The appraisal panel, made up of competent construction experts, is in the best position to resolve this dispute over the amount of Loss and Defendant's participation in appraisal is mandatory upon Plaintiff's request.

42. Plaintiff prays for the Court to determine that Defendant must participate in an appraisal to determine the full amount of Loss at issue in this matter.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court enter judgment in favor of Plaintiff and against Defendant for the following relief:

1. An order compelling the Parties to participate in an appraisal of the amount of Loss;

2. An order staying this lawsuit pending the resolution of the insurance appraisal;

3. Judgment in favor of Plaintiff and against Defendant for an amount in excess of $75,000, the exact amount to be proven at trial, plus statutory penalties under RSMo. §§ 375.296 and 375.420 consisting of twenty percent of the first fifteen hundred dollars in benefits and ten percent of the excess over fifteen hundred dollars, and for attorney's fees;

4. An award of costs, disbursements, and interest.

5. For such other relief as this Court deems just and equitable.

Respectfully submitted,

**SMITH JADIN JOHNSON, PLLC**

DATED: March 17, 2023

/s/ *Anthony A. Remick*
Alexander M. Jadin (MN #387219)
Anthony A. Remick (MN #398506)
Timothy D. Johnson (MO #394918MN)
7900 Xerxes Avenue South, Suite 2020
Bloomington, MN 55437
Telephone: (651) 388-0289
Facsimile: (612) 235-7927
ajadin@sjjlawfirm.com
aremick@sjjlawfirm.com
tjohnson@sjjlawfirm.com
***Attorneys for Plaintiff***