# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| HERITAGE HEIGHTS HOMEOWNERS ASSOCIATION, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 4:23-cv-00339-MTS |
| PHILADELPHIA INDEMNITY INSURANCE COMPANY, | ) ) ) ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Stay Litigation and Compel Appraisal. Doc. [18]. After careful review of the parties' filings, the Court concludes that Plaintiff's Motion is, in actuality, a motion for partial summary judgment. After all, Plaintiff's Complaint asks the Court to require Defendant to comply with the parties' contract and even explicitly includes a count entitled "Compel Appraisal." Doc. [1] ¶¶ 37–42. Thus, granting the Motion to Compel Appraisal would be granting Plaintiff relief under its contract, relief that it demands in the Complaint. It would require the Court to find that Defendant breached the policy at issue. *See ROH Farms, LLC v. Cook*, 572 S.W.3d 121, 125 (Mo. Ct. App. 2019) (discussing specific performance under Missouri law); *see also Specific Performance*, *Black's Law Dictionary* (11th ed. 2019) (calling specific performance, in part, "a court-ordered remedy that requires precise fulfillment of a legal or contractual obligation").

Given that Defendant denies many material facts in its Answer to the Amended Complaint, the Court concludes that, here, determining whether to compel an appraisal must be analyzed under the summary judgment framework. *See, e.g.*, *McCoy v. Am. Fam. Mut. Ins. Co.*,

189 F. Supp. 3d 896, 900 (D. Minn. 2016) (noting a motion to compel appraisal under an insurance policy is a motion for partial summary judgment seeking specific performance); *Great Lakes Ins. SE v. Concourse Plaza, A Condo. Ass'n*, 604 F. Supp. 3d 1339, 1344 (S.D. Fla. 2022) (treating a motion to compel appraisal as a motion for summary judgment where appraisal will dispose of any claims or defenses). Because Plaintiff's Motion to Compel Appraisal does not establish that there is no genuine dispute as to any material fact and that Plaintiff is entitled to judgment as a matter of law on this claim, the Court will deny it without prejudice. *See* Fed. R. Civ. P. 56(a); *see also, e.g.*, *Smith v. State Farm Fire & Cas. Co.*, 1:13-cv-572-KS-MTP, 2014 WL 11514950, at *1 (S.D. Miss. Mar. 27, 2014).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Stay Litigation and Compel Appraisal, Doc. [18], is **DENIED** without prejudice.

Dated this 16th day of January 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE